IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA BRIGHT,

       Plaintiff,

v.                                                                                   CIV 19-0575 KBM

ANDREW M. SAUL,
Commissioner of Social
Security Administration,

       Defendant.

# **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and/or Remand (*Doc. 14*), filed on October 28, 2019. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 4*; *7*; *8.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is well-taken and will be granted in part.

**I.**     **Procedural History**

Ms. Linda Bright (Plaintiff) filed an application with the Social Security Administration for Disability Insurance Benefits (DIB) under Title II of the Social Security Act on July 6, 2015. Administrative Record[1] (AR) at AR 76, 168-76. Plaintiff alleged a disability onset date of November 1, 2014. *See* AR at 170.

---

[1] Document 11-1 comprises the sealed Administrative Record. *See Doc. 11-1.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

Disability Determination Services determined that Plaintiff was not disabled both initially (AR at 76-84) and on reconsideration (AR at 85-97). Plaintiff requested a hearing with an Administrative Law Judge (ALJ) on the merits of her application. AR at 112-13. Both Plaintiff and a vocational expert (VE) testified during the *de novo* hearing. *See* AR at 35-75. ALJ Frederick Upshall, Jr. issued an unfavorable decision on July 27, 2018. AR at 16-34. Plaintiff submitted a Request for Review of Hearing Decision/Order to the Appeals Council (AR at 166-67), which the council denied on April 23, 2019 (AR at 1-6). Consequently, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.     Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) her impairment(s) meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), she is unable to

perform her past relevant work (PRW). 20 C.F.R § 404.1520(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of her medical impairments." *Ryan v. Colvin*, Civ. 15-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016) (citing 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1)). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that" the claimant retains sufficient RFC "to perform work in the national economy, given [her] age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988)); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

At Step One of the process,[2] ALJ Upshall found that Plaintiff "has not engaged in substantial gainful activity since" her alleged onset date. AR at 21 (citing 20 C.F.R. §§ 404.1571-1576). At Step Two, the ALJ concluded that Plaintiff "has the following severe impairments: hypertension, bilateral macular degeneration, and diabetes mellitus." AR at 21 (citing 20 C.F.R. § 404.1520(c)). ALJ Upshall also noted that Plaintiff has been diagnosed with obesity, "but there is no indication that her weight causes any limitations in the ability to perform work activities." AR at 21.

At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the

---

[2] ALJ Upshall first found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2019." AR at 21.

3

listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." AR at 21 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). The ALJ determined that:

> [Plaintiff] has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations:
>
> [She] can never climb ladders, ropes, and scaffolds; can occasionally climb stairs and ramps; should avoid all moving machinery and unprotected heights; would be limited to occasional far acuity; would be limited to no depth perception; can have no reading requirement; cannot perform computer work, have no reading demands, would need instructions by demonstration (oral); and would need to work with items no smaller than a cell phone.

AR at 22. The ALJ determined that Plaintiff is incapable of performing her PRW, but can perform the positions of dining room attendant, laundry worker 1, and kitchen helper. AR at 27-28. Ultimately, the ALJ found that Plaintiff "has not been under a disability, as defined in the Social Security Act, from November 1, 2014, through the date of [the ALJ's] decision." AR at 28 (citing 20 C.F.R. § 404.1520(g)).

### III. Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th

Cir. 2004) (alteration in original)). The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the [C]ourt would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200).

**IV.    Discussion**

Plaintiff contends that the following issues require reversal: (1) the ALJ failed to include a limitation in the RFC that accounts for Plaintiff's limitation to "rarely" using color vision; (2) because of this error in the RFC, the ALJ's analysis about whether work exists in significant numbers is not supported by substantial evidence; and (3) the ALJ did not discuss whether Plaintiff's depression and anxiety imposed limitations. *Doc. 14* at 19-21. The Court agrees that ALJ Upshall erred in failing to take Plaintiff's color vision limitation into account in naming the occupations she can perform, and that two of the three jobs were identified erroneously. Thus, this matter should be remanded for the ALJ to make a finding about whether the number of jobs remaining is significant. The Court turns first, however, to Plaintiff's claim regarding her depression and anxiety.

### A. The ALJ made no reversible error regarding Plaintiff's mental health limitations.

Plaintiff summarily argues that ALJ Upshall erred in failing to discuss whether her anxiety and depression were severe at step two and whether these diagnoses should have been incorporated as restrictions in her RFC. *Id.* at 21. The record evidence shows that Plaintiff has been diagnosed with anxiety and depression. *See* AR 481, 483-86, 488-90. The ALJ observed that Plaintiff's physician, Dr. Hugo Rivas, assessed her with "severe single episodes of major depressive disorder, without psychotic features" and "depression with anxiety" on August 24, 2017, during her annual physical examination. AR at 26 (citing AR 478-82), 481. Plaintiff was "previously prescribed Trazadone" and took it "intermittently," but she "rejected an offer for a refill." AR at 26 (citing AR 478-82), 481. The ALJ also noted that Plaintiff saw a psychology student at Las Cruces Family Medicine for depression on September 19, 2017, "was diagnosed with depression with anxiety" and "was offered another appointment, but did not schedule one." AR at 26 (citing AR 488-90).

Plaintiff points to only one other relevant treatment note in the record that the ALJ did not mention: a September 15, 2016 Depression Screening performed by Dr. Mai Eissa. *Doc. 14* at 3 (citing AR 483-86). Dr. Eissa diagnosed Plaintiff with "moderate depression." AR at 486.

To the extent that Plaintiff argues the ALJ erred in not finding that her depression and/or anxiety were severe at step two, any error is harmless. At step two "a claimant need only establish, and an ALJ need only find, one severe impairment." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (citing *Oldham v. Astrue*, 509 F.3d 1254,

6

1256-57 (10th Cir. 2007)). The ALJ found that Plaintiff had other severe impairments at step two. AR at 21.

Plaintiff makes a vague argument that the ALJ erred in not imposing limits on the RFC caused by her depression and/or anxiety, but she fails to advance any evidence to establish what limits her mental impairments might cause. *Docs. 14* at 21; *19* at 5-6. Nor are any such limits apparent from the record. Plaintiff did not include depression or anxiety "physical or mental conditions (including emotional or learning problems) that limit [her] ability to work" on her Disability Report. AR at 204. On the same form, she stated that she had not "seen a doctor or other health care professional or received treatment at a hospital or clinic . . . [f]or any mental condition(s) (including emotional or learning problems)[.]" AR at 207 (bolding omitted). In her 2015 and 2016 Function Reports, she stated that her ability to work is limited due to the fact that she "cannot read/loss of close up vision" (AR at 212), and she "cannot see well enough to work on patients" (AR at 243). She did not mention depression or anxiety on either form, nor did she note limitations in abilities that may be related to depression and anxiety. *See* AR at 212-19, 243-50. For example, she stated "that she was able to go out alone, drive, handle her finances, take care of her personal needs without reminders, spend time with others, pay attention 'indefinitely,' follow spoken instructions with 'no problem,' handle stress, and handle changes in routine." *Doc. 18* at 9 (citing AR at 213-18, 244-49). As the Commissioner observes, neither Plaintiff nor her attorney discussed any mental limitations at the hearing. *Id.* at 9-10; *see also* AR at 35-75. In short, Plaintiff points to no evidence to support the existence of any restrictions her mental

impairments might impose on her RFC. Thus, she fails to show that the ALJ's finding is not supported by substantial evidence.

> **B. The ALJ erred in failing to include any "color vision" limitation in the RFC and in finding that Plaintiff can perform the occupations of Laundry Worker 1 and Kitchen Helper.**

ALJ Upshall observed that Plaintiff's treating ophthalmologist, Dr. David Metrikin, opined that Plaintiff had several visual impairments, including the frequent inability to discern color. AR at 25 (citing AR at 446-48). The ALJ gave Dr. Metrikin's opinion "considerable weight" (AR at 27), but he did not include any limitation related to color vision in the RFC (AR at 22). Plaintiff contends this omission was error, because two of the three jobs the VE identified (laundry worker 1, DOT # 361.684-014, and kitchen helper, DOT #318.687-010) require occasional use of color vision. *Doc. 14* at 19-20; *see also* Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, at 132, ID-2 (1983).

The Commissioner concedes that the ALJ erred in failing to include any limitation related to color vision but argues that this omission was harmless error. *Doc. 18* at 4-5. He asserts that although the ALJ erred in finding that Plaintiff can perform the occupations of laundry worker 1 and kitchen helper, the remaining position—dining room attendant—does not require the use of color vision. *Id.* at 5. Because 60,000 jobs in the national economy remain for the dining room attendant position, the Commissioner argues that the ALJ's error was harmless. *Id.* at 5-9.

The Court thus accepts as true that the ALJ erred in failing to include a color vision restriction in the RFC and proceeds to an analysis of whether 60,000 jobs is significant as a matter of law.

### C. The Court finds that this case should be remanded for the ALJ to expressly determine whether 60,000 jobs is a significant number.

Plaintiff contends that the case should be remanded so that the ALJ can analyze whether 60,000 jobs is a significant number given her unique limitations. *See Docs. 14* at 13-14, 20-21; *19* at 1-5. Specifically, she argues that there is evidence that she can only rarely use color vision and is unable to quickly adjust to changes in lighting conditions, thus this decision "should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to [this] factual situation." *Doc. 19* at 2 (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992)); *see also Docs. 14* at 3, 4 n.2, 5, 7, 20-21; *19* at 3-4.

The Commissioner urges the Court to analyze this issue using a harmless error analysis and to conclude that 60,000 jobs is significant as a matter of law. *Doc. 18* at 4-5. He cites this Court's decision in *King v. Berryhill*, No. CV 16-1147 KBM, 2018 WL 851358, at *12-14 (D.N.M. Feb. 12, 2018) in support. *Doc. 18* at 6. In *King*, the ALJ relied on VE testimony to find that the claimant could perform two jobs (comprising 47,500 positions) in the national economy. *Id.* at *10. The claimant argued that the ALJ had erred in finding that 47,500 jobs was significant without engaging in a *Trimiar* analysis. *Id.* at *12-14. The Court found that the *Trimiar* analysis governs the question of whether there are significant numbers of regionally available jobs, not nationally available jobs. *Id.* at *14. Thus, the Court declined to find that the ALJ erred in omitting a *Trimiar* analysis. *Id.*

*King* is distinguishable, though, because the Court had not discounted either of the jobs identified by the VE or ALJ. Thus, the Court was only called on to determine

9

whether substantial evidence supported the ALJ's finding. Here, the Commissioner agrees that the ALJ erred in finding that Plaintiff could perform the kitchen helper and laundry worker 1 positions. Accordingly, "the Court must apply the more rigorous harmless error standard" here. *Sears v. Berryhill*, No. CV 17-0391 JB/KBM, 2018 WL 2002487, at *9 (D.N.M. Apr. 30, 2018). "[T]he operative question is whether the Court can 'confidently say no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (subsequent citation omitted)).

Plaintiff argues that her particular factual situation counsels against a finding that the ALJ's error was harmless. *See Doc. 19* at 3. First, she asserts that "*Trimiar* specifically provides that the ALJ should consider 'the distance claimant is capable of travelling to engage in the assigned work . . . .'" *Id.* (quoting *Trimiar*, 966 F.2d at 1330). Here, Plaintiff's vision limitations impact her ability to travel, as she "testified she cannot read street signs . . . ." *Id.*; *see also* AR at 57. Her treating ophthalmologist confirmed that she is unable to read. AR at 25 (citing AR at 446-48). She also emphasizes her problems adapting to changing light conditions. *Doc. 19* at 3. Because *Trimiar* directs courts to consider "the level of [a] claimant's disability" in determining whether the number of jobs is significant, 966 F.2d at 1030, Plaintiff argues that this limitation is relevant because dining room attendants may be called upon to bring dishes from a dark dining room into a bright kitchen or vice versa. *Doc. 19* at 3. Although *Trimiar* is distinguishable because it dealt with jobs available in the regional economy, the Court finds that the considerations laid out therein are also relevant in the context of this harmless error analysis. *Cf. Garcia v. Berryhill*, No. 1:16-CV-01266 SCY, 2018 WL

1620922, at *5 (D.N.M. Mar. 31, 2018) (noting that the *Trimiar* considerations "may overlap" with a court's determination of whether an ALJ's step-five finding is supported by substantial evidence).

The undersigned has used the harmless error standard to find that the number of positions nationally was significant after it eliminated two other positions that the ALJ incorrectly identified. *Adolph v. Berryhill*, No. CV 17-0191 KBM, 2018 WL 1415182, at *10 (D.N.M. Mar. 21, 2018). In *Adolph*, the ALJ found that the claimant could perform three occupations: housekeeping cleaning, garment sorter, and addresser. *Id.* at *3. But the Court found that the garment sorter and addresser positions should be stricken, because there was "an inconsistency between the RFC's limitation to simple instructions and" the reasoning level of the two occupations. *Id.* at *10. The remaining position had 880,000 positions nationally. *Id.* The Court found that this number was significant and declined to remand for the ALJ to consider the issue. *Id.*

But 880,000 positions are far greater than 60,000. And here, unlike in *Adolph*, Plaintiff makes persuasive arguments to demonstrate why the Court should remand for the ALJ to consider the issue within the context of her unique limitations. *See Doc. 19* at 3-4. While it is a very close call, the Court finds that remand is appropriate because a reasonable factfinder could conclude that 60,000 jobs is not significant under these circumstances.

## V.     Conclusion

The Court finds that the ALJ erred in failing to include a color vision limitation in the RFC and in identifying the positions of kitchen helper and laundry worker 1. This

case should be remanded so that the ALJ may determine whether a significant number of jobs in the national economy exists that Plaintiff is capable of performing.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Reverse and/or Remand (*Doc. 14*) is **GRANTED**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent