IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA BRIGHT,

        Plaintiff,

vs.                                                                CIV 19-0575 KBM

ANDREW SAUL, Commissioner
of the Social Security Administration,

        Defendant.

## ORDER ON PLAINTIFF'S PETITION FOR DETERMINATION OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. 406(b)

THIS MATTER is before the Court on Plaintiff's Petition for an award of $32,265.90 in attorney fees pursuant to 42 U.S.C. § 406(b)(1) for legal services rendered before this Court. *Doc. 25.* Defendant declined to take a position as to the reasonableness of the requested fees. *Id.* at 7. Being fully advised in the premises, the Court finds that Plaintiff's Motion will be granted in part.

Plaintiff filed her application for Social Security Disability Insurance Benefits in 2015. *Doc. 25* at 1; Administrative Record[1] (AR) at 76, 168-76. After the Social Security Administration ("SSA") denied her claims initially (AR at 76-84) and on reconsideration (AR at 85-97), Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on the merits of her application (AR at 112-13). The ALJ issued an unfavorable decision on July 27, 2018 (AR 16-34), and Plaintiff requested review by the Appeals Council (AR 166-67). The Appeals Council denied Plaintiff's request on April

---

[1] Doc. 11-1 comprises the sealed Administrative Record. *See Doc. 11-1*. The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

23, 2019. AR 1-6.

Next, Plaintiff instituted an action in this Court seeking judicial review of Defendant's denial of her application for Social Security disability benefits. *Docs. 1*; *25* ¶ 5. After briefing by the parties, this Court reversed Defendant's unfavorable decision and remanded for a new hearing. *See Doc. 21.*

On remand, the Social Security Administration issued a fully favorable disability determination and awarded Plaintiff full benefits from April 2015 forward, with past-due benefits in the amount of $129,063.60 and continued monthly benefits in the amount of $1,885.00. *Doc. 25*, Ex. 2. The Social Security Administration withheld 25 percent of those benefits, or $32,265.90, leaving them available to cover attorney fees that might be due to Plaintiff's counsel. *Doc. 25*, Ex. 3.

Plaintiff's counsel, Benjamin Decker, represented Plaintiff during her appeal to this Court and at the administrative level on remand pursuant to a contingency fee agreement, which Mr. Decker supplies to the Court as Exhibit 4 to his Petition. *Doc. 25*, Ex. 4. Because Plaintiff was awarded Social Security benefits on remand, Mr. Decker now requests an award of fees amounting to 25 percent of Plaintiff's past-due benefits. *See Doc. 25*. According to Mr. Decker, he expended 24.90 hours representing Plaintiff in federal court. *Id.* at 2. In support, Mr. Decker refers the Court to time sheets previously submitted in support of his request for fees under the Equal Access to Justice Act ("EAJA"). *Id.* (citing *Doc. 23*, Ex. 1). This Court previously awarded EAJA fees in the amount of $4,700. *Doc. 24*.

Section 406(b) provides that when a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court

may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id*. at 934. The court may award fees under § 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006).

Yet, "[t]he tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney fees is a matter within the sound discretion of the court. *Id*.

In *Gisbrecht v. Barnhart*, the United States Supreme Court rejected the lodestar method for calculating § 406(b) attorney fees for Social Security disability cases. 535 U.S. 789, 798-99 (2002). The lodestar method involves multiplying the number of hours reasonably devoted to a case by the reasonable hourly fee. *See id*. The Supreme Court explained that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id*. at 793. Nevertheless, courts are charged with reviewing fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. In short, § 406(b) imposes a 25-percent-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

3

The reasonableness of § 406(b) fees is determined by "the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. Ultimately, Plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). In addition to a record of the number of hours spent representing Plaintiff, the Court may also require Plaintiff's attorney to submit a statement of his normal hourly billing rate for non-contingency fee cases. *Id*.

In the context of a § 406(b) fee requests, the court's first inquiry is whether the fee agreement between the claimant and her attorney meets § 406(b) guidelines. Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.* at 807. Here, the subject contingency agreement between Plaintiff and her attorney provided that if Plaintiff was "awarded benefits in court or . . . by the Social Security Administration following remand ordered by the court in [her] case in which [her] attorney represented [her, she] agree[d] to pay [her] attorney twenty five percent (25%) of [her and her] family's past-due benefits." *Doc. 25*, Ex. 4. Thus, on its face the fee agreement meets § 406(b)(1)'s guideline of not exceeding 25 percent of the past-due benefits.

Still, § 406(b) requires the Court to act as "an independent check" to ensure that fees are reasonable even if equal to 25 percent of the past-due benefits, because there is no presumption that such an amount is reasonable. *See id*. at 807 n.17. Applying the *Gisbrecht* factors, the Court finds that Mr. Decker achieved a fully favorable result for Plaintiff in this case, resulting in a significant past-due payment as well as a continuing monthly award. Moreover, the Court cannot say that Mr. Decker was responsible for any delay in the resolution of this case. The instant Petition was also filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits.

An attorney's experience is another relevant factor when considering § 406(b) fee requests. *See Gordon v. Astrue*, 361 F. App'x 933, at 2-3 (10th Cir. 2010) (noting that in addition to the *Gisbrecht* factors, the trial court also considered the factors established in *McGuire v. Sullivan,* 873 F.2d 974, 983 (7th Cir. 1989), which include the attorney's experience). Here, the Court observes that Mr. Decker has been practicing law for 13 years. *Doc. 25* ¶ 15. Mr. Decker asserts that he regularly practices before the Federal Court, that he has trained other lawyers to represent Social Security claimants, and that he has been "AV Preeminent rated by Martindale-Hubbell for having the 'Highest Level of Professional Excellence.'" *Id.* ¶ 19. In addition, Mr. Decker provides an excerpt of Google reviews from his clients in which he purports to have received an average rating of 4.7/5.0. *Id.* ¶ 20; *Doc. 25*, Ex. 5. Mr. Decker maintains that "Plaintiff's prevailing in both Federal Court and at the administrative hearing is a testament to the time and effort [he] spent . . . preparing and arguing the case." *Doc. 25* ¶ 22.

Even so, the Court has some misgivings about awarding the full 25 percent of Plaintiff's past-due benefits to Mr. Decker in this case. In recent years, the undersigned

has awarded fees that translate to hourly rates in the range of $217.69 to $637.37. *See Abeyta v. Berryhill*, 17cv0447 KBM, Doc. 25 (D.N.M. July 2, 2020) ($484.59); *Flory v. Saul*, 17cv0457 WJ/KBM, Doc. 33 (D.N.M. May 20, 2020) ($323.36); *Silva v. Saul*, 16cv0956 KBM, Doc. 29 (D.N.M. July 19, 2019) ($217.69); *Osborn v. Berryhill*, 15cv1069 KBM, Doc. 32 (D.N.M. Feb. 7, 2019) ($637.37); *Smith v. Berryhill*, 14cv0973 KBM, Doc. 31 (D.N.M. Nov. 16, 2018) ($360.52). Thus, Mr. Decker's requested fee, which translates to an hourly rate of $1,295.82, is more than double that of the highest rate awarded by the undersigned pursuant to § 406(b). The Court is also accustomed to receiving § 406(b) fee requests significantly *below* the 25 percent ceiling, even by highly-experienced Social Security disability attorneys in this District. *See, e.g.*, *Abeyta*, 17cv0447 KBM, Doc. 25, at 2 (noting that counsel requested § 406(b) fees that were in an amount significantly less than the 25 percent of past-due benefits withheld by the Social Security Administration); *Flory*, 17cv0467 WJ/KBM, Doc. 33, at 2 (same); *Silva*, 16cv0956 KBM, Doc. 29, at 2 (same); *Osborn*, 15cv1069 KBM, Doc. 32, at 2 (same); *Smith*, 14cv0973 KBM, Doc. 31, at 2 (same); *Armijo v. Colvin*, 12cv0455 KBM, Doc. 30, at 1 (D.N.M. Mar. 15, 2016) (same).

Mr. Decker refers the Court to two cases in which judges in this District awarded § 406(b) fees in amounts that translated to over $1,000 per hour. *See Doc. 25* ¶ 21 (citing *Kelley v. Saul*, CIV 16-0618 GJF, Doc. 29 n.4 (D.N.M. July 7, 2020) (awarding the equivalent of $1,073.68/hour); *Baca v. Saul*, 17cv0449 CG, Doc. 24 (D.N.M. Feb. 21, 2020) (awarding the equivalent of $1,025.00/hr.)). These cases, however, were handled by attorneys with over 30 years of experience practicing in Social Security disability law. The Court is hesitant to characterize Mr. Decker's representation in this

case as commiserate with that of the most highly-experienced Social Security disability attorneys in all respects. Notably, in the Court's analysis of Plaintiff's claims, it explained that Mr. Decker made a "vague argument that the ALJ erred in not imposing limits on the RFC caused by her depression and/or anxiety." *Doc. 21* at 7. The Court observed that Mr. Decker "fail[ed] to advance any evidence to establish what limits [Plaintiff's] mental impairments might cause." *Id.* (citing *Docs. 14* at 21; *19* at 5-6). The Court also explained that neither Mr. Decker nor Plaintiff discussed any mental limitations at her administrative hearing. *Id.* (citing *Doc. 18* at 9-10; AR at 35-75). For these reasons, the Court denied Plaintiff's claim related to her mental health limitations. *Id.* at 6-7.

Plaintiff prevailed, however, on her second claim, in which Mr. Decker asserted that the ALJ committed reversible error by failing to include a "color vision" limitation in her RFC and in finding that she could perform certain occupations. *Id.* at 8. Noting that it was a "very close call," the Court determined that Plaintiff's counsel advanced "persuasive arguments" to demonstrate why the Court should remand for the ALJ to consider whether there was a significant number of jobs which Plaintiff could perform in the national economy despite her "color vision" limitation. *Id.* at 11 (citing *Doc. 19* at 3-4).

Considering the arguments on appeal advanced by Mr. Decker on Plaintiff's behalf, the Court finds that the character of his representation in this case was adequate, though not necessarily exceptional. While Mr. Decker no doubt has experience representing Social Security disability claimants, he is not among the most experienced lawyers practicing before the Court in cases of this nature.

This Court acknowledges that taking on representation of any social security appellant, especially when the attorney did not represent the claimant in the initial

7

administrative proceedings, incurs significant risk of no remuneration. As now-retired Magistrate Judge Leslie C. Smith observed long ago, "these cases do not pay well; in fact, they often do not pay at all, and even when they do, the payment is often delayed for months or even years." *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1173 (D.N.M. 2005) (quoting *Gruber v. Bowen*, 673 F. Supp. 970, 972 (W.D. Wis. 1987)).

Even so, this Court cannot say that the amount of time Mr. Decker spent on Plaintiff's case, 24.90 hours, reasonably justifies a fee of $32,265.90. Indeed, a rate of $1,295.82 per hour would constitute a significant windfall to counsel under the circumstances of this case. Accordingly, the Court will reduce the amount of requested attorney fees by 60 percent and will order an award of $12,906.36, which translates to a more reasonable hourly rate of $518.33.

**IT IS THEREFORE ORDERED** that Plaintiff's Petition for Determination of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*Doc. 25*) is **granted in part**. The Court hereby authorizes $12,906.36 in attorney fees for legal services rendered in United States District Court, to be paid by the Social Security Administration.

**IT IS FURTHER ORDERED** that counsel will refund to Plaintiff the $4,700 of attorney fees awarded under EAJA, 28 U.S.C. § 2412. *See Doc.* 24.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent